Harold E. Simpson, J.
The plaintiff, Garland E. Huntsman, was injured while riding as a passenger in an automobile operated by the defendant, John E. Rockwell, owned by Margaret B. Henry, and insured by Nationwide Mutual Insurance Company. lie alleges that his injuries were caused by the negligence *952 of the defendants Rockwell and Stark in the operation of their respective automobiles and that Stark was an employee of the Delaware & Hudson Railroad Company and was acting within the scope of his employment while driving his car.
The plaintiff suffered personal injuries, the extent of which are not involved in the phase of the litigation which is the subject of this decision. The plaintiff was taken immediately to the Binghamton General Hospital where he remained from July 24, 1961 to August 2, 1961 when he was discharged.
The liability policy covering the automobile in which the plaintiff was a passenger contained a clause designated as “ Family Compensation.” The “Family Compensation” clause contained a schedule providing for the payment of medical expenses up to $2,000 and for payment of the sum of $5 per day for 180 days provided the person entitled thereto was continuously and necessarily confined indoors due to the injury, and under the care of a licensed physician. The policy provided that Nationwide would pay any person who suffered bodily injury by reason of any accident arising out of the ownership, maintenance or use of the described automobile the schedule payments, “ subject to the execution and delivery of a complete release of liability of the company and all persons entitled to the protection of this policy * * * irrespective of liability. ” (Italics added.)
On July 27, 1961, the plaintiff received in the mail at the hospital a letter from Nationwide containing a brochure explaining the “Family Compensation” provision and a self-addressed postal card addressed to one George B. Stevens, a representative of Nationwide. Huntsman returned the card on the same day which, in substance, requested Stevens to call upon him. Four days later, on the 31st day of July, 1961, Stevens called on the plaintiff at the hospital, took a statement from him and, at the same time, the plaintiff agreed to accept payments under the “Family Compensation” provision and signed an instrument which is the subject of this litigation. The instrument called a “ release ” for want of a better name during the course of the trial, reads as follows insofar as it is important here:
“ I, Garland Huntsman, hereby release and forever discharge Margaret Henry & John Rockwell, his heirs, executors, administrators, and assigns of and from all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries resulting or to result from an accident which occurred on or about the 24th day of July, 1961 at or near Binghamton, New York.
*953 “ I further agree that all claims or damages recoverable by me against all other persons, firms or corporations jointly or severally liable to me in tort for my said damages, are hereby reduced to the extent of the statutory pro rata share of the said Margaret Henry under any Contribution Among Tortfeasors Act or Acts, Uniform or non-Uniform, of all such damages so recoverable by me against all other tortfeasors.
“ This Agreement and Release contains the entire agreement between the parties hereto, and the terms of this instrument are contractual and not a mere recital.
“ It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each.”
Huntsman commenced Action No. 1 in or about November, 1961 and, apparently having information that indicated that the Delaware & Hudson Railroad Company would be vicariously liable through the negligence of the defendant Stark, in or about April, 1962 commenced an action in simple negligence against the Delaware & Hudson Railroad Company, which is Action No. 2.
The plaintiff, in Action No. 1, sets forth two causes of action. His first cause of action is against the defendants, Henry, Rockwell, and Nationwide Mutual Insurance Company, to rescind and cancel the release by reason of false and fraudulent representations and, in this respect, the plaintiff lays special emphasis on the failure of Nationwide to comply fully with the provisions of section 270-b of the Penal Law.
Plaintiff’s second cause of action is against the defendants Henry, Rockwell and Stark for negligence in the operation of their respective automobiles.
It is the first cause of action in Action No. 1 that is the subject of this decision, that cause of action having been severed and tried separately.
All the parties in both cases No. 1 and No. 2 appeared in and participated in the trial and it was fully understood that the validity of the instrument was litigated as it affected all the parties to both actions and the determination resolves several motions and cross motions made by the several parties, the determination of which depended on the nature of the decree here.
The evidence is insufficient to sustain a finding that the plaintiff was deceived in executing the release or that there was any fraud in the inducement.
While it is true that there was a violation of section 270-b of the Penal Law in that the representative of Nationwide took a *954 release within five days after the plaintiff had consented thereto, the release is not nnenforcible. While the violation of section 270-b does bear on the question of improper conduct on the part of the adjuster and may be considered in connection with all the other facts (Thorne v. Columbia Cab Corp., 167 Misc. 72), the record does not warrant, under all the facts, a finding of fraud in the inducement of the execution of the instrument.
Since the instrument may not be rescinded, this decision must deal with its legal effect and, more particularly, whether the defendants .Stark and Delaware & Hudson Railroad Company are discharged from liability under its terms.
Stark and the Delaware & Hudson Railroad Company assert that it constitutes a general release and that it effectually discharges all joint tort-feasors or all persons who may be liable for the injuries suffered by the plaintiff arising out of the accident referred to in the instrument.
The theory upon which it has been held that a general release running to one joint tort-feasor or one claimed to be a wrongdoer releases all joint tort-feasors or all persons who may be liable is that an injured person may receive but one satisfaction for a single wrong. (Milks v. Mclver, 264 N. Y. 267.) The instrument in question must, therefore, be examined with a view to determining whether the plaintiff has been paid for the injuries suffered and whether it was intended by the parties to the agreement that he was receiving payment for his injuries.
The least that can be said about the instrument is that it is ambiguous. It releases and discharges Margaret Henry and John Rockwell from liability, provides on its face that the particular form is to be used only in those States having a joint tort-feasor act and, by its terms, provides:
“We further agree that all claims or damages recoverable by me/us against all other persons, firms or corporations jointly or severally liable to me in tort for my/our said damages, are hereby reduced to the extent of the statutory pro rata share of the said Margaret Henry under any Contribution Among Tortfeasors Act or Acts, Uniform or non-Uniform, of all such damages so recoverable by me/us against all other tortfeasors.”
The “ Family Compensation ” plan, as set forth in the policy, gave to the plaintiff the contractual right to accept payment according to the terms thereof but only if he released the company and all persons entitled to the protection of the policy. The benefits under the policy did not and were not intended to constitute full compensation for injuries received and the payments bore little, if any, relationship to the damages suffered. The schedule called for the same per diem payments (with a *955 maximum beyond medical expenses of $900) whether a person entitled thereto was permanently or totally incapacitated or whether his injuries were slight and transitory. The schedule payments bear no relationship whatever to the effects of the wrong done to an injured person. They constitute limited payments pursuant to a contractual obligation irrespective of tort liability. (Rhodes v. Nationwide Mut. Ins. Co., 17 A D 2d 499.)
In order to obtain the contractual benefits under the “ Family Compensation ’ ’ plan, the only condition was that the plaintiff execute a release to the company (Nationwide) and all persons entitled to the protection of the policy. The only persons entitled to protection of the policy were the defendants Henry and Rockwell and the sole condition upon which he would receive the family benefits was simply to release the defendants Nationwide, Henry and Rockwell and no one else. Furthermore, a fair reading of the instrument itself and particularly the provision set forth above with respect to “ Contribution Among Tortfeasors Act or Acts ’ ’ indicates that the instrument was drawn in pursuance of the contract of insurance, that it was only intended to cover the liability of Henry, Rockwell and Nationwide and no one else. Construing the instrument in connection with the contract of insurance under which it is given, it must be held that it constitutes simply a restrictive release to the defendants Henry and Rockwell.
The whole transaction between the plaintiff and Nationwide evidences the intent that the plaintiff, in accepting the “ Family Compensation” benefits, was to absolve and give acquittance only to Nationwide and the persons entitled to the protection of its policy. It would seem that there was no consideration for any further-reaching of the instrument beyond this obvious intent. In view of the determination here which construes the instrument to constitute a restrictive release, there is no need to decree reformation of the instrument to give effect to this intent.
It is, therefore, the decision here that the instrument constitutes a restrictive release running only to the defendants Henry and Rockwell, that they may plead the instrument in full discharge of any obligation on their part, but the release does not discharge the Delaware & Hudson Railroad Company and Stark excepting that they are entitled to a credit upon any claim against them in the amount paid by Nationwide to the plaintiff or if the benefits have not yet been paid in full in the amount required to be paid under the terms of the contract.
While the relief granted is not that requested by any party, it is the relief which the court deems the parties are entitled to under all the evidence and a Court of Equity may determine the *956 issues in accordance with all the exigencies existing and upon the evidence before it in order to prevent multiplicity of litigation. (Smith v. Bouton, 221 App. Div. 317.)
A decree may be entered upon this decision in accordance with the terms hereof and all motions pending that may be dependent upon this decision are decided in accordance herewith. Also, any answers requiring amendment may be amended in accordance with this decision within 20 days after entry and service of the decree to be entered hereon with notice of entry.