■ WILLIAM E. McCLAIN REALTY, INC., Respondent, v BEVERLY RIVERS, Appellant. BEVERLY RIVERS, Appellant, v WILLIAM E. McCLAIN REALTY, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 9, 1988 in Clinton County, which denied Beverly Rivers' motion to vacate a stipulation of settlement of the parties and the judgment entered thereon.

Beverly Rivers and William E. McClain Realty, Inc. (hereinafter McClain) entered into an agreement whereby McClain was to erect a modular home upon realty owned by Rivers for $38,806. The contract was prepared on a standard form of the Farmers Home Administration (hereinafter FmHA) and provided, inter alia, that changes in the drawings and specifications could be made only with the approval of the official

designated by FmHA. Although a Penn Lyon modular home was substituted for the Avis Homes Corporation building provided for in the contract and a written contract change order, approved by both Rivers and McClain, was submitted to FmHA, FmHA never granted or denied the change request. After the work was substantially completed and the Penn Lyon home installed, difficulties arose between the parties, as a result of which McClain discontinued work, filed a notice of mechanic's lien and thereafter commenced an action to foreclose the lien. Rivers subsequently commenced a separate action against McClain for rescission of the contract.*

During trial of the actions, the parties entered into a stipulation of settlement on the record in open court whereby Rivers was to convey the subject realty to McClain in exchange for payments by McClain to and on behalf of Rivers totaling approximately $15,773, including moneys necessary to satisfy the liens of FmHA and a well driller and excavator who had improved the property and filed notices of mechanic's lien therefor; both actions were discontinued with prejudice. Thereafter, Rivers moved for an order vacating the stipulation. Supreme Court summarily denied the motion and directed the entry of judgment in accordance with the terms of the stipulation. This appeal followed.

We affirm. Contrary to the assertion of both parties, the central issue is not whether there exists newly discovered evidence within the purview of CPLR 5015 (a) (2), since that remedy is limited by its terms to actions which have been tried to conclusion, but, rather, whether Rivers should be relieved of her stipulation of settlement. The governing standard, enunciated by the Court of Appeals in *Hallock v State of New York* (64 NY2d 224, 230), is as follows: "Stipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10) within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Matter of Frutiger,* 29 NY2d 143, 149-150)." Since there is no

---

* None of the pleadings in this lawsuit have been included in the record on appeal, as a result of which we do not know the factual basis therefor.

allegation of fraud or collusion, the inquiry here will be limited to whether the papers in support of Rivers' motion allege mistake or accident sufficient to set aside the settlement contract. A contract may be voided on the ground of a unilateral mistake of fact only where the enforcement of the contract would be unconscionable, the mistake is material and made despite the exercise of ordinary care by the party in error (21 NY Jur 2d, Contracts, § 121, at 529). The mistakes of fact alleged in Rivers' papers are that the Penn Lyon home did not conform to FmHA specifications; that, as a result, no mortgage moneys would have been forthcoming, making Rivers' performance of the contract impossible; and that neither the excavator nor the well driller had valid liens against the property. None will support a finding of mistake or accident. Clearly, it was within Rivers' ability to ascertain FmHA's position on the change of housing specifications and the timeliness of filing of the subject mechanic's liens through simple inquiry. In any event, the contract of settlement was clearly not unconscionable.

Rivers' remaining contentions do not require extended discussion. The lawyer representing Rivers had, at the very least, apparent authority to act on her behalf *(see, Hallock v State of New York, supra,* at 231) and she personally consented to the terms of the stipulation in open court. Last, since the stipulation made no provision for a failure to comply with its terms *(see,* CPLR 3215 [h] [1], [2]), CPLR 3215 had no application in this case.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., and Mercure, JJ., concur.