■ TALAKKOTTUR R. DAVID, Appellant, v AMERICAN TELE-PHONE & TELEGRAPH COMPANY et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered June 30, 1989, which granted the defendants' motion to dismiss the complaint and denied plaintiff's motion to have the court recuse itself, unanimously affirmed, without costs.

Plaintiff sued for breach of an employment agreement and defendants interposed the affirmative defense of a release signed by plaintiff in consideration of the payment of $50,000. Plaintiff claimed that the release was signed under duress, but never returned the $50,000 received as consideration.

A contract allegedly executed under duress is voidable, not void, and a plaintiff must demonstrate his decision to challenge that contract rather than to ratify it by accepting its benefits, even where he faces the hard choice of eschewing those benefits in order to pursue his legal rights (Equal Employment Opportunity Commn. v American Express Publ. Corp., 681 F Supp 216). The validity of the release is governed by the law of Michigan where the transaction took place (see, Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 382). Michigan has long held the view that before execution of a release can be challenged on the ground of fraud or duress, the consideration received must be returned in order to place the parties at status quo ante (Leahan v Stroh Brewery Co., 420 Mich 108, 359 NW2d 524). This is also the prevailing view in Florida, where the negotiations over the release took place (cf., Sall v Luxenberg, 302 So 2d 167).

The same issue was decided against plaintiff in 1986, in a similar breach of contract action against defendants in the United States District Court for the Middle District of Florida (No. 82-200-Orl-Civ-R, affd without opn 800 F2d 266, cert denied 480 US 909, reh denied 481 US 1025), and that disposition "on the merits" must thus be considered res judicata of

the claim herein *(Miller Corp. v Gazocean Intl.,* 394 F Supp 1246, 1248; *McKinney v City of New York,* 78 AD2d 884, 886).

There is no basis in the record on which to challenge either the random selection of the nisi prius Judge under the Individual Assignment System or that Judge's decision not to recuse himself. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.