OPINION OF THE COURT
Memorandum.
The Appellate Division order should be reversed, with costs, and the petition, insofar as it pertains to the tax years 1978/ 1979 through 1984/1985, dismissed.
*963 In 1988, petitioner, a partnership which owns a mixed use condominium building known as Olympic Tower, commenced this CPLR article 78 proceeding challenging the tax reductions granted to the condominium’s commercial units for the tax years 1985/1986 and 1986/1987, and seeking tax reductions for tax years 1978/1979 through 1984/1985, pursuant to RPTL 421-a. Supreme Court ordered respondents to recalculate the tax remissions granted for 1985/1986 and 1986/1987, and directed respondents to calculate remissions for 1978/ 1979 through 1984/1985. On appeal, respondents challenged only the latter portion of the order. In affirming, the Appellate Division ruled that the action was timely and was not barred by the doctrine of "res judicataWe reverse.
The parties executed annual settlement agreements for the years 1978/1979 through 1984/1985 wherein petitioner expressly withdrew its "claim for reduction’’ and agreed "not to institute * * * article 7 (tax certiorari)” proceedings in exchange for respondent’s grant of certain tax reductions for those years. Petitioner failed to reserve any section 421-a tax reduction claims, and cannot escape the effect of the release by bringing, via article 78, its claims for tax reduction which could have been raised in the forfeited RPTL article 7 proceedings (see, RPTL 701 [4] [b]; Hewlett Assocs. v City of New York, 57 NY2d 356). The parties’ intent in executing the agreements was clearly to resolve all disputes concerning petitioner’s eligibility for tax reductions, and to foreclose petitioner from instituting further challenges to its annual tax liability. Allowing petitioner to seek the relief that it otherwise expressly forfeited would contravene the intended purpose and effect of the agreements. Accordingly, dismissal of this article 78 proceeding, insofar as it is directed at the 1978/ 1979 through 1984/1985 tax years, is required.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order reversed, etc.