■ INDUSTRON ASSOCIATES, INC., Appellant, v UNITED INNOVATIONS, INC., Respondent. [687 NYS2d 642] —In an action, inter alia, to recover damages for breach of contract, the plaintiff, Industron Associates, Inc., appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated April 20, 1998, as denied its motion for partial summary judgment in its favor on its first cause of action alleging breach of contract and its fifth cause of action seeking a determination of the parties' contractual rights with respect to commissions due and dismissing the defendant's affirmative defenses and its counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is granted, the plaintiff is granted partial summary judgment on its first and fifth causes of action alleging breach of contract, the defendant's counterclaim and affirmative defenses are dismissed, the plaintiff's second, third, fourth, and sixth causes of action are

severed, and the matter is remitted to the Supreme Court, Kings County, for an assessment of damages incurred for breach of contract.

The plaintiff commenced suit against the defendant, *inter alia*, to recover damages for breach of a written commission agreement which states that the defendant "will pay" the plaintiff "a commission of 10% on all hardware, software and engineering sales to Grumman Corporation for the Fire Finder Project and all other subsequent related applications for the unit for the life of the program". The defendant claims that the commission agreement was executed by mistake or, in the alternative, that it was procured fraudulently, because the defendant had prior dealings with Grumman Corporation and did not require an intermediary.

The plaintiff's motion for partial summary judgment on its first cause of action alleging breach of contract and its fifth cause of action seeking a determination of the parties' contractual rights with respect to commissions due should have been granted. The defendant contends that it would not have entered into the contract if it had been cognizant of its prior dealings with Grumman Corporation. However, such a mistake is attributable to its own negligence. Accordingly, the defense of mistake is not available to it (*see, Da Silva v Musso,* 53 NY2d 543, 552; *Weissman v Bondy & Schloss,* 230 AD2d 465, 469; *McClain Realty v Rivers,* 144 AD2d 216, 218). In any event, the defendant did not repudiate the agreement in a timely manner (*see, Leasing Serv. Corp. v Vita Italian Rest.,* 171 AD2d 926).

The defendant's third and fourth affirmative defenses alleging laches and waiver are without merit and should have been dismissed as the record reveals that the plaintiff did not delay in asserting or otherwise relinquish its claim for relief (*see, Cohen v Krantz,* 227 AD2d 581; *Dwyer v Mazzola,* 171 AD2d 726; *Greater Johnstown School Dist. v Frontier Ins. Co.,* 252 AD2d 615; 57 NY Jur 2d, Estoppel, Ratification & Waiver, § 74). Similarly, because the defendant was in the best position to determine whether Grumman Corporation was already one of its customers, the defendant's fifth, sixth, seventh, and ninth affirmative defenses alleging estoppel, unclean hands, and fraud should have been dismissed (*see, Matter of Mehta v Mehta,* 196 AD2d 841; *Curran, Cooney, Penney v Young & Koomans,* 183 AD2d 742; *Mehlman v Avrech,* 146 AD2d 753; *BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850; 57 NY Jur 2d, Estoppel, Ratification & Waiver, § 13). The defendant's purported first, eighth, and tenth affirmative defenses should

have been dismissed because they are not proper affirmative defenses (*see,* CPLR 3018; *Platt v Portnoy,* 220 AD2d 652). Furthermore, as the record is devoid of any evidence that Grumman Corporation breached a contract with the defendant and that the defendant sustained damages, the defendant's counterclaim alleging tortious interference with contract should have been dismissed (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413; *NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614; *Israel v Wood Dolson Co.,* 1 NY2d 116).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.