MOHAMED KHALID, Respondent, v MICHAEL A. SCAGNELLI et al., Appellants. [736 NYS2d 374] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 2, 2001, denying defendants' motion to dismiss the complaint,[1] unanimously reversed, on the law, without costs, the motion

---

1. Trial Term subsequently granted defendants' motion for a change of venue to Westchester County.

granted, the validity of the settlement agreement upheld, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was allegedly struck and injured by defendants' truck while riding a bicycle on Manhattan's Lower East Side on November 7, 2000. He was treated at Cabrini Hospital for a broken leg. Six days later, private investigator Don Guarcello was authorized by defendant Coca-Cola's claims representative to offer plaintiff a settlement.

On November 15, in the presence of a social worker, Guarcello visited plaintiff at the hospital and spoke with him, with the assistance of a nurse who spoke both English and Arabic. Appearing to be in good spirits and expecting to be discharged shortly, plaintiff gave Guarcello his version of the accident. Guarcello then raised the prospect of a settlement, at which point plaintiff indicated that he had already consulted with an attorney who had been introduced to him by a friend. Guarcello informed plaintiff that he could not discuss the matter further, in light of his representation by counsel, to which plaintiff responded that he was going to discharge the attorney, and would rather settle the matter than pursue legal action. At plaintiff's behest, the nurse telephoned the attorney to tell him of plaintiff's intention, but the person who answered the call reportedly "reacted rudely and refused outright to discuss anything with her." Plaintiff then told Guarcello that he would have his friend telephone the attorney and take care of the discharge.

The next day, November 16, Guarcello spoke with plaintiff, again with the assistance of the nurse acting as interpreter, and was informed that plaintiff's friend had notified the attorney that his services were no longer desired. Guarcello then negotiated a settlement for $30,000, in exchange for a limited release that excepted medical expenses, which would still be covered by defendants' no-fault insurer. Plaintiff reiterated his desire to settle the matter quickly, without resort to legal action.

Guarcello returned to the hospital on November 17 and obtained the notarized release of plaintiff's claim, this time in the presence and with the translation assistance of a United Nations employee who happened to be a patient in the same room. Plaintiff was identified on the documents as Mohamed Khalid Ahmed Alsabbagh, at an address in Jersey City. The check was delivered and subsequently cashed.

Unbeknownst to Guarcello, the instant $5 million lawsuit

was commenced on November 16, 2000.[2] Defendants' motion to dismiss was supported by a detailed affidavit by Guarcello in which he indicated that the release had been procured without fraud, deceit or duress, and had been negotiated and executed promptly pursuant to plaintiff's repeatedly expressed desire for a quick settlement in lieu of legal action.

Trial Term denied defendants' motion "as a matter of public policy," despite the lack of any affidavit in opposition from plaintiff himself. Defendants' appeal has gone unanswered.[3]

It is unlawful to negotiate a settlement with a hospital patient within 15 days of sustaining injury, unless the patient has formally indicated his intention to settle at least five days prior to signing the release (Judiciary Law § 480). However, a violation of this statutorily imposed cooling-off period does not automatically void such an agreement (see, Huntsman v Henry, 42 Misc 2d 951, affd 21 AD2d 704, lv denied 15 NY2d 548). The statute merely confirms "the well-established view in New York that the party seeking to prove the validity of a release has the burden of proof on this issue. This burden extends to proving lack of duress, illegality and fraud." (Fleming v Ponziani, 24 NY2d 105, 110.) The detailed and unchallenged affidavit of investigator Guarcello met this test. Furthermore, plaintiff's acceptance of the benefits of the agreement by cashing the check not only undermined the voidability of the agreement, but constituted ratification of the release in the face of unsubstantiated allegations of duress in its execution (see, Fruchthandler v Green, 233 AD2d 214; David v American Tel. & Tel. Co., 160 AD2d 632, lv denied 77 NY2d 802). Concur— Williams, J.P., Tom, Rosenberger, Wallach and Marlow, JJ.

---

**2.** There is some indication that plaintiff might also have been unaware of the commencement of the lawsuit. The summons and complaint were dated November 15, and the bare-bones complaint bore the signed verification of counsel alone.

**3.** The appeal was perfected promptly for the next available (September 2001) Term. On plaintiff-respondent's motion, the appeal was adjourned to the December Term. Meanwhile, on September 21 a motion by plaintiff's counsel to be relieved was granted in the new trial venue, Supreme Court, Westchester County. This Court was informed of that order on November 1, and efforts to contact plaintiff were unsuccessful.