■ ANDREW MARK, Individually, as a Shareholder and on Behalf of All Shareholders Similarly Situated and in the Right of SMART TONE, INC., Appellant, v H.F. LENFEST et al., Respondents. [767 NYS2d 572]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 28, 2003, which, in this action seeking, inter alia, declaratory relief, granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of declaring that the challenged merger is valid, that defendants are shareholders in the merged entity, and that such entity possesses the intellectual property rights previously transferred to Smart Tone, Inc. pursuant to a licensing agreement, and otherwise affirmed, without costs.

The motion court correctly determined that plaintiff was estopped from denying the validity of agreements he had signed in both his representative and individual capacities, that similar equities barred his challenge to the merger agreement (*see generally CarrAmerica Realty Corp. v Kaidanow*, 321 F3d 165, 170 [2003]), and that his belated claim of economic duress in agreeing to the merger was insufficient (*see Sosnoff v Carter*, 165 AD2d 486, 491 [1991]; *Khalid v Scagnelli*, 290 AD2d 352, 354 [2002]). We modify solely to declare in defendants' favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.