■ MATTHEW H. MASCHLER, Respondent, v STUART BRENKER et al., Appellants. [926 NYS2d 96]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered July 12, 2010, in favor of plaintiff, and bringing up for review an order, same court and Justice, entered May 7, 2010, which denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff's motion for summary judgment in his favor, unanimously reversed, on the law, with costs, the judgment vacated, defendants' motion granted and plaintiff's denied, and the matter remanded for a determination of attorneys' fees to be awarded to defendants. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff received his shares in defendant 5 County Alarm Systems, Inc., a closely held subchapter S corporation, from his mother, pursuant to a stock purchase agreement entered into in September 2005. The transfer violated a right of first refusal provision in a prior agreement between plaintiff's mother and the other shareholders. However, defendants Stuart Brenker and Joel Brenker validated the transfer when they entered into an agreement to purchase the shares from plaintiff on August 15, 2007 (see Ray v Ray, 61 AD3d 442, 447 [2009]).

Plaintiff claims that the company improperly issued an IRS schedule K-1 (reporting shareholder's share of income, deductions, credits, etc.) to his mother, declaring ordinary business income of $20,156 during a period in which she was the shareholder of record, without distributing any portion of the income. This claim is barred by the terms of the settlement and general release executed at the time plaintiff's shares were transferred (see Littman v Magee, 54 AD3d 14, 17 [2008]). Alternatively, plaintiff claims, for the first time on appeal, that he should be held harmless for any tax liability resulting from the reported income. Nothing in the release suggests that defendants intended to hold plaintiff harmless from any tax consequences.

For these reasons, and because plaintiff was fully compensated

for his release of claims, the complaint, which alleges breach of contract and unjust enrichment, must be dismissed (see *Dragon Inv. Co. II LLC v Shanahan*, 49 AD3d 403, 405 [2008]; *Khalid v Scagnelli*, 290 AD2d 352, 354 [2002]; *Fruchthandler v Green*, 233 AD2d 214, 215 [1996]). In any event, plaintiff did not establish damages. He failed to demonstrate that the fact that the shareholder of record incurred a tax liability without receiving an equivalent amount of cash was improper. Nor did he submit any evidence that the disputed taxes were paid.

In accordance with the foregoing, defendants are entitled to attorneys' fees, pursuant to the terms of the settlement and general release. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.