■ SINA DRUG CORP., Doing Business as ONCOMED PHARMACEUTICAL SERVICES, et al., Appellants, v MOHAMMAD ALI MOHYUDDIN et al., Respondents. [996 NYS2d 254]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about November 25, 2013, which denied plaintiffs' motion for summary judgment on their three causes of action, and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant summary judgment to plaintiffs on their first and second causes of action, and to deny defendants' cross motion on those causes of action, remand for a determination of attorneys' fees to be awarded plaintiffs and a showing of the actual damages incurred in the instant action, and otherwise affirmed, without costs.

In 2011, the parties entered into a settlement that contained a mutual release of any and all claims arising from the dispute that was the subject of the agreement. Thereafter, defendant Mohammad Ali Mohyuddin commenced an action against plaintiffs alleging that after the settlement agreement was executed, they improperly issued him scheduled K-1 statements for the years 2007 through 2010, imputing approximately $1.27 million in income in retaliation for the settlement, since he did not receive any of that income. This action was barred by the terms of the valid release which extinguished any claims regarding Moyhuddin's tax liability (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).

Notably, plaintiffs' actions in issuing the schedule K-1 statements were not improper. Prior to the settlement, Mohyuddin was judicially determined to be an 18% owner of plaintiff Sina Drug Corp. during the stated period, and as a subchapter S corporation, Sina Drug is required to issue schedule K-1 statements reflecting each shareholder's ownership (Beacher v Estate of Beacher, 756 F Supp 2d 254, 265 [ED NY 2010]), regardless of whether the income was actually distributed (see United States v Pirro, 212 F3d 86, 101 [2d Cir 2000]). Moreover, we find that nothing in the contractual language of the parties' release suggests that plaintiffs intended to relieve defendants of any tax consequences (see Maschler v Brenker, 85 AD3d 692 [1st Dept 2011]).

Plaintiffs are entitled to attorneys' fees they incurred in defending the action commenced by Mohyuddin since the indemnification provision in the parties' settlement agreement unambiguously reflects defendants' expressed intent to indemnify and hold plaintiffs harmless from and against all claims or expenses in connection with any claims brought by defendants.

However, the liquidated damages clause providing that defendants would pay $1 million if they refused to indemnify plaintiffs amounts to an unenforceable penalty (see *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380 [2005]; *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32984(U).]**