(May 3, 2017)

■ 1810 E & J Restaurant Corp. et al., Appellants, v Red and Blue Parrot, Inc., et al., Respondents. [54 NYS3d 38]—

In an action, inter alia, to rescind a contract and a lease and to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 16, 2015, as denied that branch of their motion which was for summary judgment on so much of the complaint as sought to rescind the contract and lease on the grounds of fraud and unilateral mistake.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for fraud and to rescind a contract and a lease. Contrary to their contention, the Supreme Court did not err in denying that branch of their motion which was for summary judgment on so much of the complaint as sought to rescind the contract and lease on the grounds of fraud and unilateral mistake.

" 'A contract induced by fraud . . . is subject to rescission, rendering it unenforceable by the culpable party' " (*International Exterior Fabricators, LLC v Decoplast, Inc.*, 128 AD3d 1016, 1018 [2015], quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]). The elements of a cause of action sounding in fraud are a material misrepresentation of a fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance on the misrepresentation, and damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [2007]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]). Where "the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations" (*Schumaker v Mather*, 133 NY 590, 596 [1892]; *see ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 25

NY3d 1043, 1047 [2015]; *Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 278 [2011]; *Danann Realty Corp. v Harris*, 5 NY2d 317, 323 [1959]). Here, the plaintiffs failed to establish that the alleged misrepresented facts were matters peculiarly within the defendants' knowledge, which they could not have discovered by the exercise of "ordinary intelligence" (*Schumaker v Mather*, 133 NY at 596). Therefore, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law rescinding the contract and lease on the ground of fraud.

In addition, inasmuch as the plaintiffs seek to rescind the contract and lease on the ground of a unilateral mistake of fact, they failed to establish the exercise of ordinary care in relation thereto, and, thus, failed to establish their prima facie entitlement to judgment as a matter of law rescinding the contract and lease on that ground (*see Yorker v Daniel Yorker, Ltd.*, 12 AD3d 506, 506 [2004]; *Industron Assoc. v United Innovations*, 259 AD2d 592, 593 [1999]; *William E. McClain Realty v Rivers*, 144 AD2d 216, 218 [1988]).

Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on so much of the complaint as sought to rescind the contract and lease on the grounds of fraud and unilateral mistake, regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.