John v Elefante (2022 NY Slip Op 06120)

John v Elefante

2022 NY Slip Op 06120

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-09179
 (Index No. 606943/16)

[*1]Thomas John, etc., et al., appellants,
v
Ralph Elefante, et al., respondents.

Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellants.
Gabor & Marotta, LLC, Staten Island, NY (Richard M. Gabor and Ilyssa Gabor Florio of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 10, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Thomas John.
ORDERED that the appeal by the plaintiffs American Gardens Management, LLC, and Taj Building Products Co. is dismissed, without costs or disbursements, as those parties are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action, asserted by the plaintiff Thomas John, and the seventh cause of action insofar as asserted by the plaintiff Thomas John, to the extent that they are predicated upon the allocation of tax liability to the plaintiff Thomas John, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Thomas John, without costs or disbursements.
The defendant Bailey Gardens Realty Corp. (hereinafter BGR) owned an apartment complex in the Bronx (hereinafter the subject properties). The plaintiff Thomas John was a 58% shareholder of BGR. John also owned the plaintiff American Gardens Management, LLC (hereinafter AGM), the management company for BGR.
On or about September 15, 2010, BGR sold the subject properties. The defendant Ralph Elefante represented the minority shareholders in the sale and John and BGR were each represented by their own independent counsel. Prior to the closing, Elefante and the defendant George Varughese, a minority shareholder and certified public accountant, together with John's independently retained accountant, Joseph Mortimer, prepared a "schedule of estimated cash flows," reflecting the amount John owed to BGR. At the time of the sale, John agreed, among other things, to surrender his entire interest in BGR to the minority shareholders less $300,000 to be paid to an [*2]outside creditor. To these ends, John executed a handwritten document dated September 15, 2010 (hereinafter the release), that provided, among other things, that John "agrees that he owes the minority shareholders of [BGR] a sum in excess of the amount of any net closing proceeds that will be left over after the closing expenses are paid," and that he "surrenders all his right title and interest . . . in [BGR]."
On or about September 8, 2016, the plaintiffs commenced this action, inter alia, to recover damages related to the distribution of sale proceeds and the payment of BGR's creditors. The complaint alleged, inter alia, that approximately four years after the sale closed John received a tax notice advising him that he owed more than $1 million in capital gains tax, which the plaintiffs contend was the result of a fraudulent K-1 form prepared after the subject sale. The complaint further alleged that John then began an investigation of BGR's records in connection with the sale of the subject properties and learned that the release he signed in connection with the closing was based upon a fraudulent understatement of the funds available for distribution and a fraudulent overstatement of the amount John owed to BGR. The complaint sought, among other things, to recover damages relating to both the distribution of funds from the sale and the allocation of tax liability to John.
The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the release precluded any relief. The plaintiffs opposed the motion, arguing, among other things, that the release was void as a result of fraud. By order entered July 10, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by John. The court reasoned that the "release entered into by [John] with the advice of counsel" was binding on John and "effectively barr[ed]" the complaint insofar as asserted by John. John appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d 635, 636). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements," including fraud (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d at 637; Sacchetti-Virga v Bonilla, 158 AD3d 783, 784).
"A contract induced by fraud is subject to rescission, rendering it unenforceable by the culpable party" (1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d 648, 648 [internal quotation marks omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). "The elements of a cause of action sounding in fraud are a material misrepresentation of a fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance on the misrepresentation, and damages" (1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d at 648; see Matter of Hersh, 198 AD3d 766, 771). "Where 'the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations'" (1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d at 648, quoting Schumaker v Mather, 133 NY 590, 596). A reviewing court may take into account the sophistication of the party seeking rescission on the basis of an alleged fraud or misrepresentation (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 278; Perlbinder v Vigilant Ins. Co., 190 AD3d 985, 989).
Here, in opposition to the defendants' prima facie showing (see Ivasyuk v Raglan, 197 AD3d at 636), John failed to raise a triable issue of fact as to whether the release was the product of fraud or misrepresentation. The facts alleged, even when viewed in the light most favorable to John, do not establish that the alleged misrepresentations were peculiarly within the knowledge of the defendants and could not have been discovered by John upon the exercise of ordinary intelligence (see Vasquez v Soto, 61 AD3d 968, 969; see also 1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., [*3]150 AD3d at 648).
Nonetheless, the terms of the release did not "clearly and unambiguously encompass" so much of the second, fourth, fifth, and sixth causes of action, asserted by John, and the seventh cause of action insofar as asserted by John, as were predicated upon the allocation of tax liability to John in the K-1 form filed after the closing (Herson v Kalenscher-Kirschenfeld, 164 AD3d 481, 482; cf. Matter of Olympic Tower Assoc. v City of New York, 81 NY2d 961, 963; Sina Drug Corp. v Mohyuddin, 122 AD3d 444, 444). Accordingly, the Supreme Court erred in granting those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action, and the seventh cause of action insofar as asserted by John, to the extent that they are predicated upon the allocation of tax liability to John.
John's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court