## Evart v Gerta Gente, LLC

2023 NY Slip Op 34579(U)

January 5, 2023

Supreme Court, New York County

Docket Number: Index No. 101138/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
| | *Justice* | | |

-----------------------------------------------------------------X

CLAUDIA EVART,

                         Plaintiff,

         - v -

CERTA GENTE, LLC,

                      Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 101138/2022 |
| MOTION DATE | 02/02/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for                      **DISMISS**             .

Upon the foregoing documents, and after oral argument which occurred on August 16, 2023 with Jose A. Muniz, Esq. appearing for Plaintiff Claudia Evart ("Plaintiff") and Scott R. Dinstell, Esq. appearing for Defendant Certa Gente, LLC ("Defendant"), Defendant's motion seeking summary judgment in favor of, and dismissal of all claims against Defendant, is granted.

## I.    Background and Procedural History

This action concerns a motor vehicle accident alleged to have occurred on March 23, 2015 (NYSCEF Doc. 6 at ¶ 9). Plaintiff, *pro se,* commenced this lawsuit by filing a Summons with Notice with the New York County Clerk's Office on December 5, 2022 (NYSCEF Doc. 12). On December 23, 2022, Plaintiff served a Complaint and Jury Demand on Defendant (NYSCEF Doc. 15).

Plaintiff's Complaint asserts that Defendant is an Italian Restaurant in New York City, owned and operated by Franco Lazzari ("Lazzari"), Stafano Terzi ("Terzi") and Daniel Kucera ("Kucera") (NYSCEF Doc. 6 at ¶4). Plaintiff claims that on March 23, 2015, a vehicle owned by Terzi and operated by Lazzari (the "Vehicle"), struck Plaintiff while Plaintiff was lawfully

101138/2022   EVART, CLAUDIA vs. CERTA GENTE, LLC
Motion No.  001

Page 1 of 5

walking up Park Avenue in New York City (the "Accident") (NSYCEF Doc. 6 at ¶9). Plaintiff claims that she was struck by the Vehicle "[s]olely by reason of [Lazzari] and [Terzi's] negligence in the ownership, operation and control" of the Vehicle (NYSCEF Doc. 6 at ¶ 12). Plaintiff claims that Defendant is vicariously liable for Plaintiff's alleged injuries under a theory of negligent entrustment (NYSCEF Doc. 6 at ¶ 18).

Previously, on October 29, 2015, Plaintiff filed a separate lawsuit against Lazzari and Terzi in the New York County Supreme Court, captioned *Claudia Evart v Stefano Terzi and Franco Lazzari*, bearing Index Number 161123/2015 (the "Previous Action") (NYSCEF Doc. 23). Plaintiff's Complaint in the Previous Action asserted claims for negligence against Lazzari and Terzi for allegedly causing Plaintiff's March 23, 2015 Accident (NYSCEF Doc. 23 at ¶ 6). At an appearance before Hon. James G. Clynes on July 14, 2022, Plaintiff settled the Previous Action with Lazzari and Terzi, agreeing to accept $250,000.00 in exchange for extinguishing her claims against them (NYSCEF Doc. 24).

On February 2, 2023 Defendant commenced the instant motion seeking an Order granting summary judgment in favor of Defendant and against Plaintiff, and dismissing all claims against Defendant on the ground that the applicable statute of limitations expired prior to Plaintiff filing suit (NYSCEF Doc. 10). In support of its motion for summary judgment, Defendant filed an Affirmation in Support on February 2, 2023 (NYSCEF Doc. 10). Plaintiff, *pro se*, filed an Affirmation in Opposition on April 20, 2023 (NYSCEF Doc. 19). Defendant filed a Reply Affirmation on April 25, 2023 (NYSCEF Doc. 22).[1] On July 25, 2023, Jose A. Muniz, Esq. filed a Notice of Appearance on behalf of Plaintiff (NYSCEF Doc. 28).

---

[1] It is noted that Plaintiff filed a Sur-Reply on July 3, 2023 (NYSCEF Doc. 27). The Part 33 Rules state that "[n]o sur-reply papers are permitted" and "[m]aterials submitted in violation of this rule will be disregarded by the Court." Accordingly, Plaintiff's July 3, 2023 Sur-Reply will not be considered.

101138/2022 EVART, CLAUDIA vs. CERTA GENTE, LLC
Motion No. 001

Page 2 of 5

2 of 5

## II.    Discussion

### A.    Plaintiff's Personal Injury Claims Against Defendant are Barred by Res Judicata

In New York, *res judicata* "bars successive litigation based upon the same transaction or series of connected transactions" (*Matter of People of the State of New York, by Eliot Spitzer, as Attorney Gen. v Applied Card Sys., Inc.*, 11 NY3d 105, 122 [2008]. Further, "settlement agreements are entitled to res judicata effect" (*Id.* at 124 citing *Olympic Tower Assocs v. New York*, 81 NY2d 961 [1993]). For *res judicata* to apply, the party against whom the doctrine is invoked must have been a party to the previous action, or in privity with a party who was (*Id.* at 122). The Court of Appeals has held that "[g]enerally, to establish privity the connection between the parties must be such that the interest of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Industries, Inc.*, 70 NY2d 244 [1987]).

Here, Plaintiff's claims stem from the same March 23, 2015 Accident as those in the Previous Action. Further, Plaintiff asserts in his Complaint that Defendant is owned and operated by Lazzari and Terzi, the two defendants in the Previous Action. Accordingly, the interests of Defendant were represented in the Previous Action. As such, the settlement of the Previous Action is entitled to *res judicata* precluding Plaintiff's from asserting the instant claims, which stem from the same transaction as the previously settled action, against Defendant, who is in privity with the defendants in the Previous Action.

### B.    Defendant's Motion for Summary Judgment is Granted

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-

101138/2022   EVART, CLAUDIA vs. CERTA GENTE, LLC
Motion No. 001

Page 3 of 5

moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*see e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

Here, the record establishes that Defendant is in privity with Lazzari and Terzi, as Lazzari and Terzi are two of the three principal owners and operators of Defendant (NYSCEF Doc. 6 at ¶4). Further, Plaintiff's claim in this action stems from the same Accident as that in his Previous Action. As it is well settled that settlement agreements are afforded preclusive effect pursuant to *res judicata*, settlement of the Previous Action serves to bar Plaintiff's claims against Defendant in this case.

As Plaintiff has failed to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact, Defendant's motion for summary judgment dismissing Plaintiff's claims against it is granted.

Accordingly, it is hereby,

ORDERED that Defendant Certa Gente, LLC's motion for summary judgment is granted, and Plaintiff Claudia Evart's Complaint and all claims against Defendant are dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order on Plaintiff; and it is further

101138/2022   EVART, CLAUDIA vs. CERTA GENTE, LLC
Motion No. 001

Page 4 of 5

4 of 5

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| | | | | |
|---|---|---|---|---|
| **1/5/2023** | | | *Mary V Rosado JSC* | |
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [x] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

101138/2022   EVART, CLAUDIA vs. CERTA GENTE, LLC
Motion No. 001

Page 5 of 5

5 of 5