Central Ins. Agency, Inc. v Estate of Marshal R. Korman (2025 NY Slip Op 02313)

Central Ins. Agency, Inc. v Estate of Marshal R. Korman

2025 NY Slip Op 02313

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-01015
 (Index No. 612539/20)

[*1]Central Insurance Agency, Inc., et al., respondents,
v
Estate of Marshal R. Korman, et al., appellants.

Grunwald & Semen, P.C. (Rivkin Radler LLP, Uniondale, NY [Evan H. Krinick and Henry M. Mascia], of counsel), for appellants.
Diane C. Carroll, P.C., Melville, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for rescission of an asset purchase agreement, the defendants appeal from a judgment of the Supreme Court, Suffolk County (James C. Hudson, J.), dated January 12, 2023. The judgment, upon an order of the same court dated August 30, 2021, upon reargument, adhering to a prior determination in an order of the same court dated June 1, 2021, granting that branch of the plaintiffs' motion which was for summary judgment rescinding the asset purchase agreement, is in favor of the plaintiffs and against the defendants, among other things, rescinding the asset purchase agreement.
ORDERED that the judgment is reversed, on the law, with costs, upon reargument, that branch of the plaintiffs' motion which was for summary judgment rescinding the asset purchase agreement is denied, and the orders dated June 1, 2021, and August 30, 2021, are modified accordingly.
In or about 2018, the plaintiff John Bures, an experienced insurance broker, negotiated an agreement to purchase the assets of M.R. Korman Insurance, an insurance agency, from its owner, Marshal R. Korman. Marshal R. Korman died prior to execution of the agreement. The asset purchase agreement was ultimately executed by the plaintiffs and Allison Korman, the executor of the estate of Marshal R. Korman.
In September 2020, the plaintiffs commenced this action, inter alia, for rescission of the asset purchase agreement based upon alleged fraud. Prior to discovery, the plaintiffs moved, among other things, for summary judgment on that cause of action. By order dated June 1, 2021, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion and, upon subsequently granting reargument, adhered to that determination in an order dated August 30, 2021. Thereafter, the court issued a judgment in favor of the plaintiffs and against the defendants, among other things, rescinding the asset purchase agreement. The defendants appeal.
"'A contract induced by fraud is subject to rescission, rendering it unenforceable by the culpable party'" (John v Elefante, 210 AD3d 666, 668, quoting 1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d 648, 648; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). To demonstrate entitlement to the remedy of rescission on the [*2]basis of fraud, the plaintiff must establish the elements of fraud, namely "a material misrepresentation of a fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance on the misrepresentation, and damages" (1810 E & J Rest. Corp. v Red & Blue Parrot, Inc., 150 AD3d at 648; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; John v Elefante, 210 AD3d at 668).
Here, contrary to the Supreme Court's conclusion, the plaintiffs failed to demonstrate, prima facie, the elements of fraud as a matter of law. While the defendants admitted that the agreement, originally written as between Marshal R. Korman, a licensed insurance broker, and Bures, could be read to incorrectly represent that Allison Korman was a licensed insurance broker, the plaintiffs failed to establish, prima facie, that this misrepresentation was material because it affected Allison Korman's capacity as executor of Marshal R. Korman's estate to sell the assets of his insurance agency or for some other reason. Similarly, the plaintiffs failed to eliminate triable issues of fact as to whether they relied upon the misrepresentation and, additionally, whether any such reliance was reasonable (see Citibank, N.A. v Potente, 210 AD3d 861, 863). Finally, the plaintiffs failed to eliminate triable issues of fact as to other fraudulent acts they alleged were committed by Allison Korman.
Accordingly, upon reargument, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment rescinding the asset purchase agreement, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court