Omansky v 300-302 E. 119 St. HDFC

2026 NY Slip Op 02789

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Eve Omansky, Plaintiff-Appellant,

v

300-302 East 119 Street HDFC, et al., Defendants-Respondents.

Decided and Entered: May 05, 2026

Index No. 650217/23 |Appeal No. 6543|Case No. 2025-05951|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'neill-Levy, JJ.

Lawrence A. Omansky, New York, for appellant.

Goetz Schenker Blee & Wiederhorn LLP, New York (Jeffrey M. Rubinstein of counsel), for 300-302 East 119 Street HDFC and Board of Directors of 300-302 East 119 Street HDFC, respondents.

Troia & Associates, New York (Anthony P. Petruzzi of counsel), for H.S.C. Management Corp., AMO and Gina Torres, respondents.

[*1]

Order, Supreme Court, New York County (Ashlee Crawford, J.), entered on or about July 7, 2025, which denied plaintiff's motion for summary judgment as to liability on each of her causes of action and granted defendants' separate motions for summary judgment dismissing the complaint in its entirety as against them, unanimously affirmed, without costs.

Plaintiff sued defendants for breach of contract, tortious interference with business relations, and conspiracy to commit civil fraud. Plaintiff is the owner of 250 shares of stock appurtenant to a unit in the coop building located at 300-302 East 119 Street, which is owned by defendant 300-302 East 119th Street HDFC (HDFC). She maintains that defendants failed to timely provide her with copies of the HDFC Board of Directors of 300-302 East 119th Street HDFC's (the Board, and together with HDFC, the HDFC defendants) minutes and financials. Defendant's delay allegedly caused her to lose a prospective purchaser for her apartment. As set forth below, plaintiff failed to establish prima facie entitlement to summary judgment on any of the causes of action in the amended complaint.

As to the cause of action for breach of contract, the record established that defendants complied with the bylaws and proprietary lease by providing plaintiff with HDFC's Board minutes and financials within a reasonable time. Less than one week after plaintiff's December 20, 2022 request for HDFC's financials and Board minutes, defendants provided plaintiff with HDFC's 2019, 2020, and 2021 financials. Consistent with the bylaws, the Board minutes were available on site, but plaintiff never accessed them. On February 7, 2023, defendants also provided plaintiff with the Board minutes, which was within a "reasonable time" under the bylaws. Plaintiff therefore failed to meet her prima facie burden to show that defendants refused to provide the Board minutes in a timely fashion.

In any event, plaintiff failed to introduce sufficient evidence that she suffered damages from defendants' alleged breach of sections 5 and 6 of defendant HDFC's bylaws or sections 1.03 and 3.03 of the proprietary lease. Specifically, plaintiff did not provide the necessary proof to establish that a prospective buyer could have purchased her apartment unit (see Viacom Outdoor Inc. v Wixon Jewelers, Inc., 82 AD3d 604, 604 [1st Dept 2011]; Maschler v Brenker, 85 AD3d 692, 693 [1st Dept 2011]; Lexington 360 Assocs. v First Union Natl. Bank of N. Carolina, 234 AD2d 187, 190 [1st Dept 1996]). Plaintiff's apartment unit was a Housing Development Fund Corporation co-op subject to income restrictions under Private Housing Finance Law § 576. However, plaintiff submitted no evidence that the prospective buyer of her unit met the applicable statutory income requirements, and therefore failed to establish that she presented a qualified buyer.

[*2]

On their motion, the HDFC defendants established prima face entitlement to summary judgment on the breach of contract cause of action by submitting the affidavit of the Board's treasurer, attesting that although HDFC notified plaintiff that proof of a potential buyer's income was necessary, she failed to provide the necessary proof. In opposition, as on her motion for summary judgment, plaintiff submitted no evidence that the prospective buyer met the income requirements, and therefore failed to rebut the HDFC defendants' prima facie showing. Accordingly, plaintiff failed to introduce sufficient evidence of damages on her breach of contract claim, either to establish her prima facie burden on her partial summary judgment motion or to raise a triable issue of act to defeat defendants' summary judgment motions.

Supreme Court properly dismissed plaintiff's cause of action for tortious interference with business relations for the same reasons. Plaintiff failed to establish that defendants injured her business relationship with a prospective buyer because she did not demonstrate that the prospective buyer was income-qualified (see Valkyrie AI LLC v PriceWaterhouseCoopers LLP, 233 AD3d 460, 461-462 [1st Dept 2024]). Plaintiff also failed to show that defendants acted for "wrongful means" or for the sole purpose of harming plaintiff (see Snyder v Sony Music Entertainment, 252 AD2d 294, 300 [1st Dept 1999]).

Similarly, plaintiff's cause of action for conspiracy to commit civil fraud was properly dismissed as against all defendants. As Supreme Court noted, a cause of action for conspiracy to commit fraud requires an underlying fraud, which in turn requires a showing of injury and a misrepresentation or a material omission of fact which the defendant knew was false (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016]; FPG Maiden Lane, LLC v Bank Leumi USA, 211 AD3d 528, 529 [1st Dept 2022]). Plaintiff cannot establish a fraud claim where, as here, it has not established damages (FPG Maiden Lane, LLC, 211 AD3d at 529). Moreover, plaintiff's reliance on the August 2022 letter to argue that defendants misrepresented that a prospective purchaser would have to submit a questionnaire and application fee to obtain the Board's minutes is unavailing. The letter does not reference the Board's minutes, let alone suggest that a questionnaire or application fee is a precondition to obtain them.

Because plaintiff is not the prevailing party, she is not entitled to recover costs and attorneys' fees (see Solow v Wellner, 205 AD2d 339, 340-341 [1st Dept 1994], aff'd 86 NY2d 582 [1995]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026