■ BETHLEHEM STEEL CORPORATION, Appellant, v SHELDON H. SOLOW, Individually and Doing Business as SOLOVIEFF REALTY Co., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered December 8, 1977, granting leave to defendant to serve an additional amended answer, to substitute a defense and offset on the theory of economic duress, to the extent appealed from, unanimously reversed, on the law and in the exercise of discretion, and leave to serve another amended answer denied, with one bill of $60 costs and disbursements to appellant. Plaintiff commenced this action to foreclose a mechanic's lien. Initially, defendants interposed four counterclaims all predicated on acts of negligence. Approximately three years after joinder of issue, defendants moved to amend their answer to include an affirmative defense of plaintiff's violation of antitrust laws. Following numerous adjournments the Trial Judge granted the relief requested in April, 1977. Plaintiff moved to dismiss the new defense and defendants, in the event of dismissal, sought leave to replead another defense, economic duress. The antitrust defense was dismissed with leave to defendants to replead the defense of economic duress. Defendants' contentions are that plaintiff submitted a bid to supply and erect structural steel at $420 per ton provided the bid was executed and returned within seven days; that defendants repeatedly attempted to meet with plaintiff until about six weeks after receipt of the initial bid and to their surprise and dismay learned that plaintiff had raised the price of their steel to $474 per ton; that this price was not based upon costs, materials or labor increases, but was an arbitrary inflated price interposed by plaintiff because it knew it was the only structural steel supplier available at the time; that defendants were in immediate need of the steel and had no alternative but to execute the contract under duress. It is not alleged that defendants accepted or responded to plaintiff's initial bid; nor is it alleged that plaintiff had any contractual relationship with defendants of any type prior to the time the parties entered into the contract which serves as the predicate for the economic duress defense. "Duress, in order to render voidable what was done, must involve a wrongful act or threat precluding the exercise of a free will." (17 NY Jur, Duress and Undue Influence, § 3.) The law in New York is clear that in order to have a situation involving "economic duress" there must have been some sort of obligation on the part of the party to perform. *(Salzman v Holiday Inns,* 48 AD2d 258, mod 40 NY2d 919; *Muller Constr. Co. v New York Tel. Co.,* 50 AD2d 580, affd 40 NY2d 955.) In the instant situation, the original bid was never accepted by defendants in any way, shape or form. Consequently, there is no showing of a prior contractual relationship or a showing that plaintiff had any obligation or duty to deal with defendants. Although it appears defendant was subject to financial pressures and may have lacked equal bargaining power, there nonetheless was an insufficient showing to constitute economic duress. *(Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686.) The law is well stated in

*Hugo V. Lowei, Inc. v Kips Bay Brewing Co.* (63 NYS 2d 289), where the defendant claimed that he had been induced to enter into a contract by economic duress because of existing war emergency conditions, leaving him unable to purchase his product from any other source than the plaintiff. The court held (p 290): "Assuming the truth of this, it does not constitute duress in law. The plaintiff was under no duty or obligation to do business with defendant and could have refused, arbitrarily, to do business with it, or if it decided to do business with defendant could name its own terms. Defendant could have declined to accept them; it was under no obligation to accept, other than its need to have the hops which it could not obtain elsewhere. Driving a hard bargain in the circumstances is not the type of duress which may be availed of as a ground for avoiding entering into a contract and liability thereunder. This defense is legally insufficient." *Austin Instrument v Loral Corp.* (29 NY2d 124) is not controlling. In the *Austin* case there was a binding contract which was subsequently renegotiated as a result of the economic duress applied by *Austin.* Here there is no prior contractual relationship. One who would repudiate a contract procured by duress, must act promptly, or he will be deemed to have elected to affirm it. *(Port Chester Elec. Constr. Corp. v Hastings Terraces,* 284 App Div 966; *Fowler v Fowler,* 197 App Div 572.) Here the defendants waited six years from the commencement of this action before interposing the economic duress defense. In view of the inordinate length of time which has passed between the alleged economic duress and the assertion of that defense, it must be deemed waived. Concur—Birns, J. P., Evans, Fein, Markewich and Sullivan, JJ.