■ MESABA SERVICE & SUPPLY COMPANY, Respondent, v R. FREEDMAN & SON, INC., Appellant. — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 6, 1984 in Albany County, which granted plaintiff's motion for summary judgment in lieu of a complaint.

In September and October of 1980, plaintiff sold scrap metal to defendant for $53,609.21. Shortly after the last delivery, defendant's purchasing agent sent a letter, dated November 13, 1980, to plaintiff which stated, in pertinent part:

"Enclosed is a summary of the amount owed to [plaintiff] at this time.

"I am enclosing our check in the amount of $1,743.77, which covers the first two items on the list, lined through in red, leaving a balance of $51,865.44.

"Please advise where we should mail future payments and we will try to clear up this balance at the earliest possible date." An addendum to that letter listed, item by item, the date, tonnage and price of each of the 42 shipments of scrap defendant received. Not contained in the list was a shipment of capacitors and transformers which had been sold and delivered to defendant for $1. Controversy arose when defendant discovered that those items were contaminated with PCBs. Defendant avers that it made this fact known to plaintiff and then unsuccessfully attempted to work out a settlement of the purchase price reflecting the cost it would incur in disposing of the tainted scrap. However, defendant continued making sporadic payments on the aforementioned debt until May 1983 when it discontinued doing so, allegedly because, at this juncture, it had paid plaintiff the value of the usable scrap and the outstanding balance represented what it would cost defendant to handle and remove the PCB-laden scrap.

Plaintiff then commenced this instant action by service of a notice of motion for summary judgment in lieu of a complaint. Special Term concluded that plaintiff had established an account stated in the amount of $34,066.88, with interest, which defendant had accepted and approved in writing. It had been defendant's contention that its letter admitting the debt was sent before it discovered that the scrap was defiled and that plaintiff had fraudulently induced it to enter into the contract. Finding no factual dispute over the debt, Special Term granted plaintiff summary judgment. This appeal by defendant followed.

CPLR 3213 authorizes accelerated judgment in actions premised on either a judgment or an instrument for the payment of money only. A written, unconditional promise by the obligor to pay a sum at a certain time or over a stated period, along with proof of nonpayment thereof, satisfies the procedural requisites of CPLR 3213 (*Maglich v Saxe, Bacon & Bolan*, 97 AD2d 19, 22, *appeal withdrawn* 61 NY2d 906; *see, North Fork Bank & Trust Co. v Cardiff Rose Enters.*, 104 AD2d 932, 933). Here, the writing relied upon by plaintiff fails to recite any agreement by the parties on several vital terms. Neither the manner of payment nor the date on which defendant's obligation to pay for the shipments appears. Additionally, the statement in defendant's letter that "we will try to clear up this balance at the earliest possible date" is indeterminate. Furthermore, it is not even clear that the shipments constitute one contract payable in installments or 42 separate contracts. Since proof beyond the written instrument is necessary to substantiate the underlying obligation, resort to CPLR 3213 was inappropriate (*see, Mike Nasti Sand Co. v Almar Landscaping Corp.*, 34 AD2d 554; *Holmes v Allstate Ins. Co.*, 33 AD2d 96).

Order reversed, on the law, with costs, and motion denied. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.