■ KENNETH D. LAUB & COMPANY, INC., Respondent, v MARTIN DOMANSKY, Individually and as a General Partner of 17-19 West 34th Street Realty Company, et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about March 5, 1991, which granted plaintiff's motion for summary judgment on its complaint and dismissed defendants' affirmative defenses and counterclaims, and judgment of the same court, entered March 30, 1990, which awarded plaintiff $279,801.54 on its claim of an unpaid brokerage fee commission, unanimously affirmed, with costs.

Defendant Realty Company, agreed to pay plaintiff a commission if plaintiff could successfully negotiate a lease of office space in defendant's building with a specific tenant. Plaintiff, who was already this tenant's exclusive broker, met the terms of its agreement with defendant by procuring the lease. When defendant failed to pay commissions owing plaintiff, plaintiff sued and moved for summary judgment on the basis of the written commission agreement.

Defendant's contention that there is a question as to the enforceability of the contract due to economic duress is unpersuasive. Plaintiff was entitled to seek a lease elsewhere for its client-tenant if defendant would not agree to pay a brokerage commission *(see, Weinraub v International Banknote Co., 422 F Supp 856)*. Defendant has not shown that it was forced to agree to the commission by means of a wrongful threat which precluded exercise of free will *(see, Austin Instrument v Loral Corp., 29 NY2d 124)*. That plaintiff knew defendant was in financial straits when demanding commission amounts to no more than mere hard bargaining tactics *(see, Weinraub v International Banknote Co., supra, at 859)*. Moreover, we note that defendant has nowhere demonstrated that it had absolutely no other alternative and could not seek adequate relief elsewhere *(see, Austin Instrument v Loral Corp., supra, at 132)*.

Nor did plaintiff wrongfully interfere with pre-existing nego-

tiations between defendant and the tenant in issue, as the tenant had only, at best, indicated that it would consider defendant's building as a possible location. Finally, we discern no violation of Real Property Law § 441-c. Plaintiff was acting lawfully in seeking brokerage commission, as well as within the terms of its exclusive brokerage agreement with the tenant, which expressly permitted plaintiff to seek a commission from the lessor in lieu of the tenant's payment to plaintiff of a consultancy fee. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.