■ ORIX CREDIT ALLIANCE, INC., Respondent, v JOEL HANOVER et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 30, 1991, which granted plaintiff's motion for summary judgment, and the judgment entered August 16, 1991 pursuant thereto, unanimously affirmed, with costs.

Summary judgment was properly granted in favor of plaintiff since defendants do not allege facts sufficient to show that the alleged threat made by plaintiff's predecessor in interest—to withhold delivery or repossess the computer equipment unless the individual defendants guaranteed the corporate defendant's obligation under the Equipment Lease—precluded the exercise of defendants' free will *(see, 805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447, 451). A mere threat by one party to a contract to breach it by not delivering required items, indeed financial or business pressure of all kinds, even if exerted in the context of unequal bargaining power, does not constitute economic duress. *(Austin Instrument v Loral Corp.*, 29 NY2d 124, 130; *Bethlehem Steel Corp. v Solow*, 63 AD2d 611). "It must also appear that the threatened party could not obtain the goods from another source of supply and that the ordinary remedy of an action for breach of contract would not be adequate" *(Austin Instrument v Loral Corp., supra*, at 130-131). In any event, defendants are estopped from asserting economic duress by reason of their failure to assert it for more than two years, while benefitting from the lease transaction they had agreed to guarantee *(Bank Leumi Trust Co. v D'Evori Intl.*, 163 AD2d 26).

*Sosnoff v Carter* (165 AD2d 486), relied on by defendants, is distinguishable on its facts. We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.