■ WALBERN PRESS, INC., Respondent, v C.V. COMMUNICATIONS INC., Appellant. [622 NYS2d 951] —Judgment of the Supreme Court, New York County (William J. Davis, J.), entered October 28, 1993, awarding plaintiff damages and bringing up for review an order, same court and Justice, entered on or

about September 28, 1993, which granted plaintiff's motion for summary judgment and dismissed defendant's counterclaims, is unanimously affirmed, without costs. The appeal from the order is dismissed as subsumed within the appeal from the judgment.

Defendant failed to raise a genuine triable issue as to whether the Settlement Agreement entered by the parties was executed and compelled by economic duress. "A mere threat by one party to a contract to breach it by not delivering required items, indeed financial or business pressure of all kinds, even if exerted in the context of unequal bargaining power, does not constitute economic duress. *(Austin Instrument v Loral Corp.,* 29 NY2d 124, 130; *Bethlehem Steel Corp. v Solow,* 63 AD2d 611). 'It must also appear that the threatened party could not obtain the goods from another source of supply and that the ordinary remedy of an action for breach of contract would not be adequate' *(Austin Instrument v Loral Corp., supra,* at 130-131)." *(Orix Credit Alliance v Hanover,* 182 AD2d 419.)

As found by the IAS Court, the documentary evidence submitted demonstrated that defendant could have obtained the goods from another source of supply.

In addition, the counterclaims were properly dismissed since the defendant admitted its indebtedness to plaintiff and acknowledged the "good condition" and "acceptable quality" of plaintiff's work product. Moreover, defendant did not comply with UCC 2-608, having inspected the product before receipt and not notifying the plaintiff within a reasonable time thereafter that the product was non-conforming *(see also,* UCC 2-602). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.