■ ABRAHAM H. FRUCHTHANDLER, Individually and as General Partner on Behalf of FBE, LTD., Formerly Known as FRUCHTHANDLER BROTHERS ENTERPRISES, Appellant, v ISRAEL GREEN, Respondent. [649 NYS2d 694] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 7, 1995, which, *inter alia*, granted defendant's motion to dismiss the amended complaint for failure to state a cause of action, unanimously affirmed, with costs.

Deeming the allegations in the amended complaint to be true and affording plaintiff the benefit of all favorable inferences and implications that may be drawn from the amended complaint (*Underpinning & Found. Constructors v Chase Manhattan Bank*, 46 NY2d 459), it was properly dismissed for failure to state a cause of action since the release plaintiff executed relieved defendant from liability under two promissory notes, and the allegations that such release was procured through economic duress were insufficient (*cf., Bloss v Va'ad Harabonim*, 203 AD2d 36; *Wilf v Halpern*, 194 AD2d 508, *lv dismissed* 82 NY2d 846). To succeed on a duress theory, plaintiff would have to show he was compelled to agree to the terms of the release by means of a wrongful threat which precluded the exercise of his free will (*Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955). On its face, however, the record reveals that the release resulted from vigorous bargaining tactics which do not amount to economic duress (*Laub & Co. v*

*Domansky*, 172 AD2d 289), notwithstanding financial considerations which may have induced plaintiff to enter into the agreement (*Bethlehem Steel Corp. v Solow*, 63 AD2d 611; *Walbern Press v C.V. Communications*, 212 AD2d 460). Moreover, at the time the release was entered into, defendant surrendered his partnership interest in certain properties to plaintiff. Having accepted the benefits of the agreement before commencing this action, plaintiff, in effect, ratified the release and is therefore barred from alleging economic duress in its execution (*Goldstein Prods. v Fish*, 198 AD2d 137, 138). The claim of economic duress was also waived in light of the inordinate length of time which passed between the alleged duress and the assertion of the claim (*Joseph F. Egan, Inc. v City of New York*, 17 NY2d 90, 98; *Bethlehem Steel Corp. v Solow, supra*, at 612).

The cause of action for unjust enrichment was also properly dismissed since defendant provided consideration for the release and thus plaintiff's conclusory allegations that it would be against equity and good conscience to permit defendant to retain what was sought to be recovered are insufficient (*see, Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *mot to amend remittitur granted* 31 NY2d 678, *cert denied* 414 US 829).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.