■ IAN WOODNER FAMILY COLLECTION, INC., Respondent, v ABARIS BOOKS, LTD., et al., Appellants. [726 NYS2d 420] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 3, 1999, in favor of plaintiff on a promissory note in the amount of $177,750.05 plus interest and costs, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered October 27, 1999, granting plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint on the aforementioned promissory note and deeming defendants' affidavit in opposition to present counterclaims which were severed from the action and continued, unanimously dismissed, without costs. Judgment, same court and Justice, entered June 26, 2000, which dismissed defendants' counterclaims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 20, 2000, granting plaintiff's motion for summary judgment and dismissing defendants' counterclaims, unanimously dismissed, without costs.

The motion court erred in granting plaintiff summary judgment, pursuant to CPLR 3213, on the promissory note at issue, since plaintiff failed to present a prima facie case, i.e., that the note, by its terms, is for the payment of money only and that there was a failure to make the payment it requires (*Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328; *Diversified Investors Corp. v DiversiFax, Inc.*, 239 AD2d 231, 233, *lv dismissed* 90 NY2d 935). The promissory note was not "an instrument for the payment of money only" inasmuch as it was not "an unconditional promise to pay a sum certain at a given time or over a stated period [citation omitted]" (*Tradition N. Am. v Sweeney*, 133 AD2d 53, 54; *Weissman v Sinorm Deli*, 88 NY2d 437, 444-445; *cf. DH Cattle Holdings Co. v Reno*, 196 AD2d 670, 672). The promissory note was for the principal sum of $200,000 to be repaid in quarterly installments according to an accelerating schedule of percentages of the revenues received by defendant publishers from sales and any other source. However, at the time they entered into the note, both sides were well aware that defendants were struggling financially and that there was no guarantee that payment in full would be made on the note. Hence, there was no quarterly sum certain due and there was no specified date by which payment-in-full had to be made. Furthermore, extrinsic evidence is required to determine the amount of each quarterly installment due, if any, and thus whether defendants defaulted according to the terms of the note. This exceeds the permissible role of extrinsic proof on a CPLR 3213 motion (*see, Diversified Investors Corp. v DiversiFax, Inc., supra*), and raises triable issues of material fact that would also bar summary judgment.

The motion court correctly granted plaintiff summary judgment dismissing defendants' counterclaims, for breach of contract and breach of fiduciary duty, for the reasons stated in its decision. Concur—Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.