■ DANIEL NAPOLITANO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [783 NYS2d 584]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered July 31, 2003, dismissing the complaint and bringing up for review an order, same court and Justice, entered May 13, 2003, which, in an action under 42 USC § 1983 alleging defendant Police Department's coercion of plaintiff's plea of guilty to disciplinary charges, granted defendants-respondents' motion

to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff settled the disciplinary charges pending against him, pleading guilty thereto and giving defendants-respondents a general release, and taking in exchange a vested interest retirement. Having accepted the benefits of the settlement, plaintiff ratified the release, and is therefore barred from alleging duress in its execution (*see Fruchthandler v Green*, 233 AD2d 214, 215 [1996]; *Liberty Marble v Elite Stone Setting Corp.*, 248 AD2d 302, 304 [1998]). That almost two years passed between the alleged duress, i.e., a threat of demotion if plaintiff contested the disciplinary charges, and the filing of the instant complaint further undermined the claim of duress (*see Fruchthandler*, 233 AD2d at 215; *Nasik Breeding & Research Farm v Merck & Co.*, 165 F Supp 2d 514, 527-528 [SD NY 2001]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.