Birjukow v Niagara Coating Servs., Inc. (2018 NY Slip Op 06637)





Birjukow v Niagara Coating Servs., Inc.


2018 NY Slip Op 06637


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


887 CA 18-00340

[*1]DARLENE BIRJUKOW, PLAINTIFF-APPELLANT,
v
NIAGARA COATING SERVICES, INC., ALLEN RICHARDS AND JAMES BIRJUKOW, DEFENDANTS-RESPONDENTS. 






PHILLIPS LYTLE LLP, BUFFALO (KENNETH A. MANNING OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COLLIGAN LAW LLP, BUFFALO (A. NICHOLAS FALKIDES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 4, 2017. The order, insofar as appealed from, denied the motion of plaintiff for summary judgment in lieu of complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the third through fifth ordering paragraphs are vacated.
Memorandum: In this action to recover on two promissory notes and guarantees executed by defendants, plaintiff contends on appeal that Supreme Court erred in denying her motion for summary judgment in lieu of complaint pursuant to CPLR 3213. We agree, and we therefore reverse the order insofar as appealed from, grant plaintiff's motion and vacate the third through fifth ordering paragraphs, which direct the parties to file certain pleadings.
Plaintiff met her initial burden of establishing entitlement to judgment as a matter of law "by submitting the notes and guarantees, together with an affidavit of nonpayment" (I.P.L. Corp. v Industrial Power & Light. Corp., 202 AD2d 1029, 1029 [4th Dept 1994]; see Rochester Community Sav. Bank v Smith, 172 AD2d 1018, 1019 [4th Dept 1991], lv dismissed 78 NY2d 909 [1991], rearg dismissed 78 NY2d 1005 [1991], rearg granted and lv denied 79 NY2d 887 [1992]). In opposition, defendants failed " to establish, by admissible evidence, the existence of a triable issue [of fact] with respect to a bona fide defense' " (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; see Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., 57 AD3d 708, 710 [2d Dept 2008]). Defendants contend that they are entitled to an offset because plaintiff allegedly breached a related stock purchase agreement and, following the execution of the stock purchase agreement, coerced them into paying additional funds to which plaintiff was not entitled through economic duress. The evidence submitted by defendants in support of those contentions, however, is conclusory, unsubstantiated, and internally inconsistent in a manner that appears "designed to raise feigned factual issues in an effort to avoid the consequences" of plaintiff's otherwise valid motion for summary judgment on her claim to recover on the promissory notes and guarantees (Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1053 [2d Dept 2012]). Among other things, the affidavit of defendants' expert public accountant is "speculative and conclusory inasmuch as the expert failed to submit the data upon which he based his opinions. The affidavit thus lacks an adequate factual foundation and is of no probative value" (Costanzo v County of Chautauqua, 108 AD3d 1133, 1134 [4th Dept 2013]). Finally, in addition to failing to raise a triable issue of fact with respect to economic duress, defendants waived any such claim "in light of the inordinate length of time which passed between the alleged duress and the assertion of the claim" (Fruchthandler v Green, 233 AD2d 214, 215 [1st Dept 1996]; see Joseph F. Egan, Inc. v City of New York, 17 NY2d 90, 98 [1966]; Bethlehem Steel Corp. v Solow, 63 AD2d 611, 612 [*2][1st Dept 1978], appeal dismissed 45 NY2d 837 [1978]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court