Nimble Ventures, LLC v Graves (2021 NY Slip Op 01516)





Nimble Ventures, LLC v Graves


2021 NY Slip Op 01516


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 651762/20 Appeal No. 13350-13351-13351B Case No. 2020-03060 

[*1]Nimble Ventures, LLC, Plaintiff-Respondent,
v
Michael Graves, Defendant-Appellant, Liquid Digital Capital Markets Holdings, LLC, et al. Defendants-Respondents.


Morvillo Abramowitz Grand Iason & Anello P.C., New York (Christopher B. Harwood of counsel), for appellant.
Chipman Brown Cicero & Cole LLP, New York (Adam David Cole of counsel), for Liquid Digital Capital Markets Holdings, LLC and Liquid Digital Holdings LLC, respondents.
Mullen P.C., New York (Wesley M. Mullen of counsel), for Nimble Ventures, LLC, respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 20, 2020, awarding plaintiff $8 million as against defendants Liquid Digital Capital Markets Holdings, LLC, and Liquid Digital Holdings LLC (together, Liquid), unanimously affirmed. Order, same court and Justice, entered on or about June 26, 2020, which granted defendant Michael Graves's motion to compel arbitration and partially seal the complaint solely to the extent of staying Count 5 of the complaint, alleging fraudulent transfer, as against Liquid, pending resolution of preliminary injunction proceedings in Delaware Chancery Court, unanimously modified, on the law, to grant the motion to compel arbitration of Counts 2 through 5 of the complaint and to stay those counts pending arbitration, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about September 1, 2020 (the September 2020 order), to the extent it denied Graves's motion to renew his motion to compel arbitration and denied Liquid's motion to compel arbitration, unanimously modified, on the law, to grant Liquid's motion to compel arbitration of Counts 2 to 5 and to stay those counts pending arbitration, and otherwise affirmed, and appeal therefrom to the extent it granted plaintiff's motion for summary judgment on Count 1, alleging breach of contract against Liquid, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Graves's appeal from the September 2020 Order, unanimously dismissed, without costs, as academic.
Defendant Graves and plaintiff's principal formed the LLC defendants (Liquid). Liquid failed. Plaintiff blamed the failure on Graves, accusing him of embezzling. In March 2020, plaintiff gave Graves and Liquid's then CEO a copy of a draft complaint in Delaware Chancery Court, naming Graves, Graves's trust, FTL Systems Trust, and the Liquid entities as defendants. Plaintiff asserted claims for fraud and conversion and sought $14 million in damages (the total amount of money it had invested in and loaned to Liquid). Graves responded by filing a demand against plaintiff for JAMS arbitration in New York, pursuant to the arbitration provision in the Liquid LLC Agreement, seeking a declaration that the claims asserted in the draft complaint were without merit. Plaintiff responded by commencing the instant action in Supreme Court, New York County, asserting the claims in the draft complaint, plus a claim for breach of the Loan Agreement pursuant to which it had loaned Liquid $8 million.
In August 2020, the Delaware court ruled that the issue of the arbitrability in the JAMS arbitration — the mirror-image of Counts 2 through 5 of the instant complaint — should be determined by the arbitrator. Since this threshold issue is also presented here, concerning the same set of claims, we accord the Delaware ruling preclusive effect (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; see also Paramount [*2]Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72-74 [2018]).
The motion court properly retained jurisdiction over Count 1 of the complaint, for breach of the Loan Agreement, which claim the Delaware complaint did not assert. Although the Loan Agreement is part of the same nucleus of operative fact, it is a separate instrument, with different parties, conferring different rights (significantly, including different substantive law and forum selection clauses), and an entirely separate corpus of money in the loan funds. These are meaningful distinctions that separate Count 1 from the remaining claims against Graves and Liquid.
On its summary judgment motion, plaintiff established prima facie that Liquid breached the Loan Agreement by submitting the loan instruments and guaranty showing that it loaned Liquid $8 million, the notice of default, and the lack of payment (see CPLR 3213; Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]; cf. Grinblat v Taubenblat, 107 AD2d 735, 735 [2d Dept 1985] [where the plaintiff commenced action by summons and complaint and then moved pursuant to CPLR 3213, motion was improper because there was no predicate money instrument]). In opposition, Liquid failed to show that, as it contends, issues of fact exist as to the events of default that plaintiff cites as predicates for the notice of default.
Plaintiff cites, among other things, the resignation of Liquid's CEO. The Loan Agreement made the termination of Patrick Whalen's engagement "at any time . . . for any reason or no reason" an event of default. Whalen's resignation on June 28, 2020 is a simple, readily verified fact, confirmed by documentary evidence in the record (see Diversified Invs. Corp. v DiversiFax, Inc., 239 AD2d 231, 232-233 [1st Dept 1997], lv dismissed 90 NY2d 935 [1997]). Liquid does not dispute this fact, but contends that the CEO resigned only because plaintiff breached its duty of good faith by interfering with his management of the company, threatening him with litigation unless he did what plaintiff wanted and refrained from doing things adverse to plaintiff in this litigation (such as supporting arbitration). However, in support of this contention Liquid submitted an affidavit by Graves, which fails to rebut plaintiff's showing because it sets forth facts extrinsic to the Loan Agreement (see Alard, L.L.C. v Weiss, 1 AD3d 131 [1st Dept 2003]; Blumenstein v Waspit Group, Inc., 140 AD3d 620 [1st Dept 2016]).
The motion court providently exercised its discretion in declining to seal any portion of the record.
Nimble Ventures, LLC v Liquid Digital Capital Markets Holdings, LLC M-48/20 Motion for leave to file a supplemental record granted M-163/20 Motion to strike references to the supplemental record in plaintiff's brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021