| |
|---|
| **Wietschner v 9 Vandam JV LLC** |
| 2024 NY Slip Op 31172(U) |
| April 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655573/2023 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

---------------------------------------------------------------------------X

ELISA WIETSCHNER, as trustee of the WFIG Trust

Plaintiff,

- v -

9 VANDAM JV LLC,

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655573/2023 |
| MOTION DATE | 11/08/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for    JUDGMENT - SUMMARY IN LIEU OF COMPLAINT    .

In this action, plaintiff Elisa Wietschner (Elisa), as trustee of the WFIG Trust, moves for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover sums allegedly owed by defendant 9 Vandam JV LLC on three promissory notes. Defendant opposes. For the reasons below, plaintiff's motion is denied.

## BACKGROUND

This action arises from three promissory notes that plaintiff made to defendant in April and June 2023 in connection with a real estate project at 9 Vandam Street, New York, NY 10013 (NYSCEF # 3 – Wietschner aff).

Defendant partially owns the underlying property of this project through its subsidiary, 9 Vandam Borrower 2 LLC (Vandam Affiliate) (NYSCEF # 19 – Wiener aff, ¶ 3; NYSCEF # 21). In November 2021, Vandam Affiliate acquired the property with financing from non-party Maxim Credit Group, LLC (Maxim) (NYSCEF # 19, ¶ 4; NYSCEF # 20). Specifically, Maxim made Vandam Affiliate mortgage loans of $7 million in total (NYSCEF # 21 at 1; NYSCEF # 7 at 2 – the Maxim Loans). At all relevant times, defendant, Vandam Affiliate, and other Vandam entities in this ownership structure were managed by a Manhattan-based real estate development company called the Arch Companies (Arch) (NYSCEF # 21; NYSCEF # 3, ¶ 8). Arch, in turn, has been managed by non-party 608941 NJ Inc. since November 2023 (NYSCEF # 19, ¶¶ 2, 8).[1]

---

[1] In a lawsuit between the members of Arch, Hon. Joel M. Cohen ordered 608941 NJ Inc. (a/k/a Oak) to manage Arch while the case is pending (Index No. 158055/2023, *Jeffrey Simpson v Jared Chassen et al*, NYSCEF # 418).

Plaintiff's husband, Howard Wieschner (Howard), is another investor in this real estate project (NYSCEF # 19, ¶ 6). Howard holds membership interest in defendant through WI Emoticon LLC, which entity he controls as its sole member (NYSCEF # 21 at 8-11). Howard also has a family trust named the WFIG Trust, of which plaintiff serves as the trustee (NYSCEF # 3, ¶¶ 1, 11; NYSCEF # 19, ¶ 7).

Around April 2023, defendant approached Howard for additional financing because the project needed emergency "bridge funding" (NYSCEF # 3, ¶¶ 3, 9; NYSCEF # 19, ¶ 6). Howard agreed to provide such funding as promissory notes and not equity investment (NYSCEF # 19, ¶ 6). As such, in April and June 2023, the WFIG Trust made defendant three promissory notes totaling $1,049,089.55 (NYSCEF #s 4-6 – the Notes). The Notes were signed by plaintiff in her capacity as trustee of the WFIG Trust (NYSCEF #s 4-6). The foregoing funding arrangement and ownership rights are summarized in the chart below.



### Terms of the Notes

The Notes plaintiff issued to defendant have substantially the same terms except for their principal amounts[2] and maturity dates (NYSCEF #s 4-6). The Notes were all signed by Jeffrey Simpson (Simpson) from Arch as defendant's authorized signatory (NYSCEF #s 4-6). The Notes define an "Event of Default" to include a

---

[2] The first note dated April 21, 2023 has a principal amount of $349,089.55 (NYSCEF # 4). The second note dated June 2, 2023 has a principal amount of $400,000.00 (NYSCEF # 5). The third note dated June 7, 2023 has a principal amount of $300,000.00 (NYSCEF # 6).

655573/2023  WIETSCHNER, ELISA vs. 9 VANDAM JV LLC    Page 2 of 7
Motion No. 001

[* 2]

situation where the defendant "*admits in writing its inability to pay, its debts* as they become due" (NYSCEF #s 4-6, § 3.1 [c] [emphasis added]). The Notes also contain an acceleration clause stating that "after [plaintiff] becomes aware of the occurrence of any Event of Default that is continuing, [plaintiff] may accelerate this Note by written notice to [defendant], with the outstanding principal balance of this Note becoming immediately due and payable in cash" (NYSCEF #s 4-6, § 3.2).

As to maturity date, the promissory note dated April 21, 2023 provides that its entire amount outstanding are due "on the earlier of (i) April 20, 2024 or (ii) the date on which that certain loan made by [Maxim] to [Vandam Affiliate] is fully satisfied" (NYSCEF # 4, § 1). In contrast, the other two promissory notes dated June 2 and June 7, 2023, do not have an April 20, 2024 benchmark date and simply define their maturity date to be "the date on which that certain loan made by [Maxim] to [Vandam Affiliate] is fully satisfied" (NYSCEF #s 5, 6, § 1).

### *Vandam's Default Under the Maxim Loans*

On September 28, 2023, Maxim sent Vandam Affiliate a notice of default under the Maxim Loans, alleging that Vandam Affiliate "failed to make a timely interest payment under the [Maxim Loans] for the month of September, 2023" (NYSCEF # 7 at 3 – the Maxim Default Notice). The Maxim Default Notice was also sent to Arch, as guarantor of the Maxim Loans (*id.* at 2). Later that day, Arch emailed the Maxim Default Notice to Howard, noting:

> Please see attached default notice just received on Vandam.
> The lender has expressed their willingness to work with us
> and come up with a structure, but they need their interest paid
> in order to continue discussions.

(NYSCEF # 7 at 1).

Minutes later, Howard wrote back: "Thanks - I presume by your note that you will not be paying the interest?" (NYSCEF # 8 at 1). Simpson then responded:

> As we have told you, we have overextended ourselves on this
> project. We cannot find more capital at this time without
> participation. I told you about the interest payment before the
> default letter, multiple times. I took you up on your offer to
> send cash to move this project along, that went backwards.
> The staff has been furloughed, and there is minimum coverage
> there for the moment since there is no money to proceed at this
> time. If the purpose of your dialogue is to be constructive,
> please advise. If it is not, we will defer to counsel.

(*id.*).

The record contains no more email exchanges on this subject. A few days later, on October 3, 2023, plaintiff sent a default notice under each of the Notes to defendant, care of Arch, stating in bold capitalized letters that "[defendant] is in default of its obligations under the note due to managing member of [defendant]

acknowledging that [defendant] cannot pay its debts when due as further evidenced by [the Maxim Default Notice]" (NYSCEF #s 9-11 – the Default Notices; NYSCEF # 3, ¶ 13). The Default Notices stated that the sums due under the Notes had become immediately due and payable (NYSCEF #s 9-11). However, plaintiff alleges that defendant has not made any payments under the Notes (NYSCEF # 3, ¶ 15).

*Procedural History*

On November 8, 2023, plaintiff commenced this action and moved for summary judgment in lieu of complaint under CPLR 3213, seeking principal payments under the Notes totaling $1,049,089.55 plus interest and costs and expenses incurred in this action, including reasonable attorneys' fees (NYSCEF #s 1, 2). Defendant opposes (NYSCEF # 22 – MOL Opp).

In support of this motion, plaintiff alleges that defendant has defaulted on the Notes because Simpson's email on September 28, 2023, constitutes a written admission of defendant's inability to pay its debts, which is an event of default (NYSCEF # 12 – MOL at 6). Plaintiff interprets Simpson's email to mean that "Arch and the entities under its management and control, which includes defendant, are unable to pay their debts" (*id.*). Plaintiff adds that such an event of default has triggered the Notes' acceleration clause and caused payments under the Notes to be due immediately (NYSCEF # 23 – Reply at 6).

In opposition, defendant argues that summary judgment is precluded by questions of fact as to whether Simpson in his email admitted that defendant—as opposed to Vandam Affiliate—could not satisfy its debts (NYSCEF # 22 at 5, 8). According to defendant, Simpson's email only concerned Vandam Affiliate's inability to pay interest under the Maxim Loans, not defendant's inability to pay under plaintiff's Notes (*id.* at 3-4, 8). Defendant asserts that payments under the Notes are not due until the satisfaction of the Maxim Loans, and plaintiff should not be able to "jump the line" and collect payments before Maxim (*id.* at 1, 8). Defendant also contends that summary judgment under CPLR 3213 is inappropriate here because the alleged default is not a failure to pay, but an "non-monetary default that requires significant proof from extrinsic evidence" (*id.* at 6-7).

On reply, plaintiff avers Simpson's email indicated that the entire real estate project was stalled and nothing in the email limited its scope to Vandam Affiliate and the Maxim Loans (NYSCEF # 23 at 3, 6).

## DISCUSSION

CPLR 3213 permits "actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint" (*Banco Popular N. Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381, 383 [2004]). To establish prima facie entitlement to summary judgment in lieu of complaint on a promissory note, a plaintiff must show that the instrument sued upon contains "an unconditional promise to pay a sum certain . . . due on demand or at a definite time" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]).

655573/2023   WIETSCHNER, ELISA vs. 9 VANDAM JV LLC
Motion No. 001                                                      Page 4 of 7

[* 4]

An instrument does not qualify for CPLR 3213 treatment "if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*id.*; *see Maglich v Saxe, Bacon & Bolan, P.C.*, 97 AD2d 19, 21 [1st Dept 1983] ["[w]here proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply"]). Outside evidence that can be considered a "de minimis deviation" includes readily ascertainable interest rate (*Weissman*, 88 NY2d at 444), a line of credit statement (*Counsel Fin. II LLC v Bortnick*, 214 AD3d 1388, 1390 [4th Dept 2023]), or other "simple, readily verified fact, confirmed by documentary evidence in the record" (*Nimble Ventures, LLC v Graves*, 192 AD3d 514, 516 [1st Dept 2021]). In contrast, summary judgment in lieu of complaint is not available where a note "referred to other documents with regard to events of default" (*Matter of Estate of Peck*, 191 AD3d 537 [1st Dept 2021]).

Evidence presented on a summary judgment motion are examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017]). A triable issue of material fact precludes summary judgment under CPLR 3213 (*see Matter of Estate of Peck*, 191 AD3d at 537).

Under these standards, plaintiff's motion for summary judgment in lieu of complaint is denied. At the outset, the Notes are not instruments for the payment of money only that qualify for CPLR 3213, because "they referred to other documents with regard to events of default" and therefore plaintiff's "right to payment could not be ascertained solely from the face of" the Notes (*Matter of Estate of Peck*, 191 AD3d at 537). It is undisputed that the Notes have not matured if not accelerated by an event of default (NYSCEF #s 4-6, § 1 [the maturity date the Notes is either the date that the Maxim Loans are fully satisfied or April 20, 2024]). Plaintiff nevertheless claims that payments under the Notes have been due and outstanding since October 2023 because defendant has allegedly "admit[ted] in writing its inability to pay, its debts" by virtue of Simpson's email to Howard on September 28, 2023 (NYSCEF #s 4-6, § 3.1 [c]).

To evaluate whether such an admission has occurred would require the court to look beyond the four corners of not just the Notes but also Simpson's email, in which the Notes were not explicitly mentioned, and Simpson did not expressly hold himself out as defendant's representative (NYSCEF # 8 [Simpson's email signature only identified him as managing partner of Arch]). Determining whether Simpson acted on behalf of defendant in the email would entail examination of extrinsic evidence on Arch's management roles in this real estate project. And assessing whether the Notes were within the scope of the email would require outside proof as to the ownership structure and financing arrangements of the Vandam entities.

The extrinsic evidence needed for these determinations would far exceed in breadth and complexity the kind of "simple, readily verified fact" that are only a "de minimis deviation from the face of the [debt] document" (*see Weissman*, 88 NY2d at 444; *cf. Nimble Ventures, LLC*, 192 AD3d at 516). Because plaintiff's claim for relief requires consideration of outside proof, the claim is not based on an instrument for

the payment of money only within the meaning of CPLR 3213 (*see Mesaba Serv. & Supply Co. v R. Freedman & Son, Inc.*, 111 AD2d 985, 986 [3d Dept 1985] ["[s]ince proof beyond the written instrument is necessary to substantiate the underlying obligation, resort to CPLR 3213 was inappropriate"]; *see also Spheyr, Inc. v Mind Centers, Inc.*, 2022 WL 17553613 [Sup Ct, New York County 2022]).

Plaintiff relies on *Shearson Lehman Hutton, Inc. v Myerson & Kuhn* to argue that the Notes qualify for CPLR 3213 treatment, even though they refer to outside documents for the definition of default (197 AD2d 410 [1st Dept 1993]; NYSCEF # 12 at 7). This reliance is misplaced. In *Shearson*, the default is "entirely monetary" and the reference beyond the four corners of the instrument is "merely repetitive of terms already contained within the instrument" (*Shearson Lehman Hutton, Inc.*, 197 AD2d at 410). Whereas here, the alleged default is not a simple failure to pay but an email discussing the financial difficulties faced by Arch, without directly referring to defendant. The email is not repetitive of any terms already contained in the Notes and the email's meaning cannot be precisely ascertained without more extrinsic evidence on the real estate project. Accordingly, plaintiff is not entitled to summary judgment under CPLR 3213.

In any event, there exists a question of fact as to whether defendant has defaulted on the Notes. The Notes define an event of default to include a written admission by defendant as to defendant's debts, not other Vandam entities' debts (NYSCEF #s 4-6, § 3.1 [c]). However, the record is not clear on that. While plaintiff alleges that Simpson's email constituted a written admission of defendant's inability to pay its debt, the communication between Howard and Arch before and after Simpson's email appears to suggest otherwise. Notably, Simpson's email was sent on the same day and under the same email thread that Arch forwarded the Maxim Default Notice to Howard (NYSCEF # 7). And even the Default Notices plaintiff issued in response to Simpson's email mentioned nothing other than the Maxim Default Notice and Simpson's email as evidence of defendant's default (NYSCEF #s 9-11). Viewing these facts in the light most favorable to defendant and reading Simpson's email in these contexts, a reasonable jury may read the email as limited to the Maxim Loans only.[3]

As such, the record here at least raises a question of fact as to whether Simpson's email was a written admission of defendant's inability to pay the Notes or not. This is a material issue of fact that precludes summary judgment under CPLR 3213 (*see Ian Woodner Family Collection, Inc. v Abaris Books, Ltd.*, 284 AD2d 163, 164 [1st Dept 2001] [material issues of fact as to whether there was default precluded summary judgment in lieu of complaint on a promissory note]). Accordingly, plaintiff's motion for summary judgment in lieu of complaint is denied.

---

[3] Further, Simpson's email mentioned that he "took [Howard] up on [Howard's] offer to send cash to move this project along, that went backwards" (NYSCEF # 8 at 1). Considering that Howard was defendant's co-investor in this project, and he previously provided emergency bridge funding to the project, it is possible that Simpson's email was more of a request for additional funding from Howard than an admission of defendant's inability to pay the Notes.

[* 6]

## CONCLUSION

Based on the foregoing, it is

ORDERED that the motion for summary judgment in lieu of complaint made by plaintiff Elisa Wietschner, as trustee of the WFIG Trust, is denied; and it is further

ORDERED that this proceeding is converted into a plenary action and parties' moving and answering papers shall be deemed the complaint and answer respectively.

| | | |
|---|---|---|
| **04/05/2024** | | |
| **DATE** | | **MARGARET A. CHAN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

7 of 7