Southern Israel Bridging Fund Two, L.P. v Orgenesis Inc. (2026 NY Slip Op 00328)

Southern Israel Bridging Fund Two, L.P. v Orgenesis Inc.

2026 NY Slip Op 00328

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 655243/23|Appeal No. 4710|Case No. 2025-00231|

[*1]Southern Israel Bridging Fund Two, L.P., et al., Plaintiffs-Appellants,
vOrgenesis Inc., Defendant-Respondent.

Bienstock PLLC, New York (Martin Bienstock of counsel), for appellants.
Steven M. Feinberg, Baldwin, for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 11, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their breach of contract cause of action, unanimously affirmed, without costs.
Plaintiffs demonstrated prima facie entitlement to summary judgment on their breach of contract claim by submitting proof of the fully executed agreement, plaintiffs' partial loan payment, and defendant's default (see Nimble Ventures, LLC v Graves, 192 AD3d 514, 516 [1st Dept 2021]; Velocity Invs., LLC v Lymon, 218 AD3d 1091, 1092-1093 [3d Dept 2023]). The parties executed a Convertible Loan Agreement (CLA) on May 17, 2022 whereby plaintiff Southern Israel Bridging Fund Two, LP (SIBF) agreed to loan $5 million to defendant. Plaintiffs wired a total of $1.15 million to defendant shortly thereafter, which was acknowledged by defendant. Under the CLA, the maturity date of the loan was August 17, 2023, and it became prepayable upon demand in the event defendant raised more than $13.125 million in financing. During the 15-month term of the CLA, defendant purportedly borrowed $69,896,510 from more than 10 lenders. Accordingly, the loan became due and owing. Defendant does not dispute that it has not repaid any portion of the loan. Plaintiffs thus satisfied their prima facie burden on their breach of contract claim.
In response, defendant failed to raise a triable issue of fact as to whether the CLA was executed under economic duress and is voidable. "A contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will" (Stewart M. Muller Constr. Co., Inc. v New York Tel. Co., 40 NY2d 955, 956 [1976]; see Beltway 7 Props., Ltd. v Blackrock Realty Advisers, Inc., 167 AD3d 100, 105 [1st Dept 2018], lv denied 32 NY3d 916 [2019]; 767 Third Ave. LLC v Orix Capital Mkts., LLC, 26 AD3d 216, 218 [1st Dept 2006], lv denied 8 NY3d 803 [2007]). "[T]he existence of financial pressure and an unequal bargaining position are insufficient to constitute economic duress" (Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 256 [1st Dept 1989]; see Walbern Press v C.V. Communications, 212 AD2d 460, 461 [1st Dept 1995]). Additionally, the threatened party must establish that it "could not obtain the goods from another source of supply and that the ordinary remedy of an action for breach of contract would not be adequate" (Orix Credit Alliance v Hanover, 182 AD2d 419, 419 [1st Dept 1992] [internal quotation marks omitted]).
Here, viewing the facts in the light most favorable to defendant (see Nellenback v Madison County, - NY3d - , 2025 NY Slip Op 02263, *3 [2025]), defendant failed to demonstrate that plaintiffs' coercive actions compelled it to agree to the terms of the CLA. While defendant alleged that prior to signing the CLA, SIBF repeatedly proposed a merger between defendant and SIBF's subsidiary, Beta-02 Technologies Ltd. (Beta-02), defendant did not allege plaintiffs made any coercive threats prior to the execution of the CLA (see 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451 [1983]). Defendant's allegations of duress center around conduct plaintiffs allegedly engaged in after the loan agreement was fully executed.
Furthermore, defendant's contention that it suffered significant business and financial pressure because SIBF reduced its original funding offer and delayed executing the CLA until a few days before defendant was required to file its initial Form 8-k does not rise to the level of economic duress (see Rochelle Assoc. v Fleet Bank of N.Y., 230 AD2d 605, 606 [1st Dept 1996]; Walbern Press v C.V. Communications, 212 AD2d at 461). Defendant did not establish that it could not obtain funds from another source or that the "ordinary remedy of an action for breach of contract would not be adequate" (Orix Credit Alliance v Hanover, 182 AD2d at 419 [internal quotation marks omitted]). Defendant's CEO, Vered Caplan, admitted as much when she averred that the company "received several proposals for funding from several different investment groups and investors." It is undisputed that defendant received $69 million from other lenders while the CLA was in effect.
Plaintiffs' argument that defendant ratified the CLA by failing to promptly repudiate it need not be determined given defendant's failure to raise a triable issue of fact as to whether the CLA was signed under economic duress and was voidable (cf. Sosnoff v Carter, 165 AD2d 486, 492 [1st Dept 1991]). For that reason, we need not address defendant's argument in opposition that it was not obliged to repudiate the CLA while under continuing economic duress caused by plaintiffs' conduct. An allegation of continuing economic duress must be supported by a finding that the initial execution of the agreement was marred by duress (see id.; see also Blumenthal v Tener, 227 AD2d 183 [1st Dept 1996]). Nevertheless, the court properly denied summary judgment because plaintiffs seek repayment of the $1.15 million while defendant has interposed a counterclaim for more than $5 million in damages, and "it is improper to award summary judgment while there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint" (Illinois McGraw Elec. Co. v John J. Walters, Inc., 7 NY2d 874, 876-877 [1959]; see GTE Automatic Elec. v Martin's Inc., 127 AD2d 545, 547 [1st Dept 1987]). Plaintiffs do not dispute that they failed to fully fund the CLA, and indeed, they concede on appeal that defendant might have a valid counterclaim against them for that failure.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026